UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANTOIN MARDINI, *et al.*, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-291 |
| | ) | (VARLAN/SHIRLEY) |
| PRESIDIO DEVELOPERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant Presidio Developers, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue, and, in the Alternative, to Transfer the Civil Action to the United States District Court for the Northern District of Florida [Doc. 5]. Plaintiffs have responded in opposition [Doc. 7], and defendant has filed a reply [Doc. 10]. Upon the request of defendant and upon order of the Court [Doc. 11], the parties have submitted supplemental briefs regarding defendant's request to transfer [Docs. 12, 13]. For the reasons stated herein, defendant's motion will be denied.

**I.    Facts**

Plaintiffs initiated this action on July 24, 2008, asserting claims for breach of contract and violations of the Tennessee Consumer Protection Act (the "TCPA"), Tenn. Code Ann. §§ 47-18-101, *et seq.* [Doc. 1]. Plaintiffs' claims arise out of real estate transactions involving condominium units in the Presidio Yacht Club, a condominium building constructed by defendant and located in Fort Walden Beach, Florida [*Id.*; Doc. 1-5, p. 1].

Defendant is a Florida company with its principal place of business in Florida [Doc. 1, ¶ 2]. Plaintiffs are citizens and residents of Knox County, Tennessee [*Id.*, ¶ 1]. Plaintiffs allege that Gary W. McMichael ("Mr. McMichael") is the sole managing member of defendant and that he resides in Tennessee [Doc. 8, ¶¶ 4-7]. Plaintiffs allege that Joel Meriwether ("Mr. Meriwether") is defendant's agent and that he also resides in Tennessee [*Id.*]. Plaintiffs have not named or asserted any claims against Mr. McMichael or Mr. Meriwether.

Plaintiffs allege that around July 7, 2004, Mr. Meriwether traveled to Knoxville to solicit the sale of condominium units in the Presidio Yacht Club [Doc. 1, ¶ 5; Doc. 8, ¶ 4]. Plaintiffs allege that they entered into two purchase and sale agreements, each for the purchase of one condominium unit ("Unit 603 and Unit 803") [Doc. 1, ¶ 6; Doc. 1-1; Doc. 1-2]. Plaintiffs allege that Mr. Meriwether solicited plaintiffs to enter into a "sell back" agreement for Unit 603 and Unit 803 to use the excess sales proceeds to purchase Unit 1300, a larger unit [Doc. 1, ¶¶ 7, 8]. Plaintiffs agreed to the deal and, on August 9, 2004, entered into two termination of purchase agreements for Unit 603 and Unit 803 [*Id.*; Doc. 1-3; Doc. 1-4]. Plaintiffs allege that defendant failed to finish, equip, and complete construction of Unit 603 and Unit 803, resulting in loss of sales and loss of realization of excess sale proceeds [Doc. 1, ¶ 12].

On September 17, 2007, plaintiffs allege that the parties entered into a substitute purchase and sale agreement for Unit 1300 [Doc. 1, ¶ 8; Doc. 1-5]. Plaintiffs allege that defendant breached the substitute purchase and sale agreement and plaintiffs subsequently provided written notice of their intent to cancel the agreement [Doc. 1, ¶ 10; Doc. 1-6].

Plaintiffs also allege that defendant defaulted on the substitute purchase and sale agreement for Unit 1300 because defendant failed to finish, equip, and complete construction [*Id.*, ¶ 13].

## II. Analysis

In the motion, defendant moves to dismiss plaintiffs' claims based on lack of personal jurisdiction and improper venue, pursuant to Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure. In the alternative, defendant moves for a transfer of this case to the District Court for the Northern District of Florida, pursuant to 28 U.S.C. § 1404(a) or § 1406(a).

### A. Request to Dismiss for Lack of Personal Jurisdiction

When a motion to dismiss has been filed for lack of personal jurisdiction, "the court may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Dean v. Motel 6 Operating LP*, 134 F.3d 1269, 1271-72 (6th Cir. 1998) (quoting *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (quotations marks omitted)). If the court does not hold an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction in its pleadings and affidavits, which must be considered in the light most favorable to the plaintiff. *Dean*, 134 F.3d at 1271-72 (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). "Dismissal in this procedural posture is proper only if all the specific facts which the plaintiff . . . alleges collectively fail to state a prima facie case for jurisdiction." *CompuServe*, 89 F.3d at 1262.

Tennessee's long-arm statute permits personal jurisdiction on "[a]ny basis not inconsistent with the constitution of this state or of the United States." Tenn. Code Ann. § 20-2-214(a)(6); *see Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005), *cert. denied*, 547 U.S. 1070 (2006). To establish that a defendant is subject to personal jurisdiction, the Due Process clause requires that a defendant "'have certain minimum contacts' with the forum state, such that the exercise of personal jurisdiction 'does not offend traditional notions of fair play and substantial justice'." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 150 (6th Cir. 1997) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted)).

Personal jurisdiction consistent with the Due Process Clause cannot be established over a non-resident defendant unless the defendant is subject to either general or specific jurisdiction in the state in which the case is pending. *See Helicopteros Nacionales de Columbia, S.A. v. Hall ("Helicopteros")*, 466 U.S. 408, 418 (6th Cir. 1984). General jurisdiction is present when a defendant's contacts with the forum state are "substantial" and "continuous and systematic" such that a state may exercise personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum state. *See Youn v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir. 2003); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.15 (1985). Specific jurisdiction is present when "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Youn*, 324 F.3d at 418 (quoting *Helicopteros*, 466 U.S. at 414 n.8).

The Court first considers whether it can exercise general jurisdiction over defendant. Plaintiffs in this case state that they have not "conceded" that this case is not one of general jurisdiction. However, plaintiffs' response is devoted to arguing for specific jurisdiction. In *Helicopteros*, the United States Supreme Court determined that the defendant, a Columbian corporation, did not maintain sufficient contacts with the state of Texas to allow a Texas state court to exercise general jurisdiction. 466 U.S. at 418-19. In that case, the corporation's contacts with Texas included the following: negotiating a contract in Texas; accepting checks drawn on a Texas bank; purchasing close to 80% of its fleet of helicopters as well as other spare parts and accessories in Texas; and sending pilots to Texas for training. *Id.* at 411. In this case, the Court has reviewed plaintiffs' complaint and does not find that defendant's collective contacts with Tennessee, as alleged by plaintiffs, to be so continuous and systematic as to create general personal jurisdiction.

The Court next considers whether it can exercise specific personal jurisdiction over defendant. The United States Court of Appeals for the Sixth Circuit utilizes a three-part test to determine whether exercising specific personal jurisdiction would violate the requirements of the Due Process Clause:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Defendant asserts that plaintiffs have failed to establish the existence of personal jurisdiction because defendant is a Florida company and plaintiffs' claims arise out of an alleged breach of purchase and sale agreements involving Florida statutes and the acquisition of condominium units located in Florida. Plaintiffs argue that personal jurisdiction over defendant is proper because defendant purposefully availed itself of doing business in Tennessee, plaintiffs' claims arise out of defendant's activities in Tennessee, and defendant's contacts with Tennessee are substantial.

In regard to the factors identified in *Southern Mach.*, purposeful availment exists where a defendant's contacts with the forum state "proximately result from actions by the defendant *himself* that create a substantial connection with the forum state." *Burger King*, 471 U.S. at 475 (internal citations omitted). Purposeful availment protects a defendant from being hailed into a jurisdiction for random, fortuitous, or attenuated contacts. *Id.* at 476. Plaintiffs allege that Mr. Meriwether is defendant's agent, that he came to Tennessee, initiated and solicited real estate transactions with plaintiffs, and that several of the resulting purchase and sale agreements were executed in Tennessee. Plaintiffs also allege that the negotiations between plaintiffs and defendant were ongoing and continued from around July 2004 to at least September 2007.

Considering the collective facts in a light most favorable to plaintiffs, the Court concludes that plaintiffs have stated a prima facie case for specific personal jurisdiction. Plaintiffs' allegations that defendant sent Mr. Meriwether, as their agent, to initiate and conduct real estate transactions in Tennessee and that these transactions went on for a period

6

of about three years are sufficient to establish specific jurisdiction. If true, such contacts would not be random, fortuitous, or attenuated and would indicate that defendant deliberately engaged in and directed profit-making activities directed towards Tennessee and created "continuing obligations" between itself and plaintiffs. *See Burger King*, 471 U.S. at 475-76 (citation omitted); *see also Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001) (concluding that the defendant had purposefully availed himself of conducting activities in Tennessee by entering into a contractual relationship with citizens of that state, telephoning them and sending them facsimiles while they were in Tennessee); *see also Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1170 (6th Cir. 1988) (finding purposeful availment based on the defendant's letters and telephone call to Ohio, in which the defendant had threatened suit and had sought money to release his claim).

The "arising from" prong is met when the operative facts arise from a defendant's contacts with the state. *Intera Corp.*, 428 F.3d at 617. Physical presence is not required and personal jurisdiction may exist over a defendant if the defendant "purposefully directs communications into the forum, and those communications form the heart of the cause of action." *Id.* at 617-18 (internal quotation marks and citation omitted). Plaintiffs' claims for breach of contract and violations of the TCPA arise out of contracts allegedly entered into in Tennessee and with plaintiffs who reside in Tennessee. The Court finds these allegations are sufficient to find that defendant purposefully directed communications into Tennessee and that plaintiffs' claims arose out of such communications.

Generally, when considering the third prong of *Southern Mach.* and whether it is reasonable to exercise personal jurisdiction over a non-resident defendant, a court must consider several factors, including: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy. *Intera Corp.*, 428 F.3d at 618. If prongs one and two of the *Southern Mach.* test are satisfied, there is an inference that the reasonableness prong is satisfied as well. *Id.* (quoting *CompuServe*, 89 F.3d at 1268).

Viewing plaintiffs' allegations in the most favorable light, the Court finds that the following allegations weigh towards a finding of reasonableness: defendant solicited and conducted real estate business with plaintiffs in Tennessee; defendant's agent engaged in deceptive acts in Tennessee; defendant's agent traveled to Tennessee to conduct business with plaintiffs; and Mr. Meriwether and Mr. McMichael reside or at least have spent time in Tennessee. Further, the real estate transactions between plaintiffs and defendant allegedly went on for three years and were transactions from which defendant stood to make a profit. Finally, Tennessee has an interest in adjudicating claims involving alleged wrongdoings between citizens and businesses of different states.[1] Accordingly, the Court concludes that personal jurisdiction over defendant is not unreasonable and defendant's request to dismiss this case based on lack of personal jurisdiction is denied.

---

[1] The Court notes that Florida would also have an interest in adjudicating these claims.

**B.     Request to Dismiss for Improper Venue**

On a motion to dismiss for improper venue, a court may examine facts outside the complaint, but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. *See Gone to the Beach, LLC v. Choicepoint Serv., Inc.*, 434 F. Supp. 2d 534, 537 (W.D. Tenn. 2006); Fed. R. Civ. Pro. 12(b)(3).

In this case, venue is governed by 28 U.S.C. § 1391(a), which provides the following:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). For purposes of venue under this chapter, a defendant that is a corporation is governed by § 1391(c), which provides:

> [A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

*Id.* § 1391(c).

Defendant argues that at the time this action commenced, the events or omissions of which plaintiffs complain –breach of contract and violations of the TCPA–could only have occurred at the *situs* of the property in Florida and thus, because a "substantial part of [the] property" over which plaintiffs' claims arise is located in Florida, venue in this Court is improper. Plaintiffs disagree and assert that, in addition to their allegations that defendant

9

failed to timely finish and complete the condominium units, they have alleged that defendant engaged in deceptive acts and activities in violation of the TCPA in regard to the sales contracts and agreements at issue and that defendant's allegedly deceptive actions constitute a substantial part of the events and omissions giving rise to plaintiffs' claims.

The Court agrees with plaintiffs that venue is appropriate in this Court. While defendant and the condominium units are not located in Tennessee, it appears from plaintiffs' allegations that at least a portion of the events giving rise to plaintiffs' claims occurred in Tennessee. Given the previous determination that this Court has personal jurisdiction over defendant, and given plaintiffs' allegations of defendant's contacts with Tennessee–allegations that the real estate transactions and allegedly deceptive activities occurred in Tennessee–the Court finds that at least part of the events or omissions giving rise to plaintiffs' claims occurred in this venue and thus, defendant's request that this case be dismissed for improper venue is denied.

### C. Request to Transfer

Defendant also moves the Court to transfer this action to the District Court for the Northern District of Florida, pursuant to 28 U.S.C. § 1404(a).[2] Section 1404(a), which codifies the common-law doctrine of *forum non conveniens*, provides that "[f]or the

---

[2] Defendant also requests transfer of venue pursuant to 28 U.S.C. § 1406(a), which provides that a court shall dismiss or transfer a case laying venue in the wrong division or district to one in which the case could have been brought. *See* 28 U.S.C. § 1406(a). Given the Court's previous determination that venue in this Court is appropriate, the Court will not address this part of defendant's request.

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has discretion under § 1404(a) to transfer cases on an individual basis by considering convenience and fairness. *See Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988); *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002). The purpose of § 1404(a) is to protect litigants, witnesses, and the public against unnecessary expense and inconvenience. *Inghram v. Universal Indus. Gases, Inc.*, No. 1:05-CV-19, 2006 WL 306650, at *4 (E.D. Tenn. Feb. 8, 2006) (citations omitted). A party seeking a transfer under such section "bears the burden of establishing that the balance of relevant factors weighs 'strongly in favor of transfer,'" but the decision is committed to the discretion of the district court. *Svete v. Wunderlich*, No. 2:07-cv-156, 2009 WL 3028995, at *5 (S.D. Ohio Sept. 16, 2009) (citations omitted).

In making a transfer determination under § 1404(a), the Court must determine "(1) whether the action could have been brought in the proposed transferee division; (2) whether a transfer would promote the interests of justice; and (3) whether a transfer would serve the parties' and the witnesses' convenience." *Maize v. Walden Sec.*, No. 3:09-CV-81, 2010 WL 1257974, at *2 (E.D. Tenn. Mar. 25, 2010) (citing *IFL Group, Inc. v. World Wide Flight Servs.*, 306 F. Supp. 2d 709, 712 (E.D. Mich. 2004)). There is no definitive formula or comprehensive test for determining the issue of convenience. Accordingly, a district court will consider various private and public interests including:

> (1) convenience of the witnesses; (2) availability of judicial process to compel the attendance of unwilling or uncooperative witnesses; (3) location of the relevant documents or records, and the relative ease of access to sources of proof; (4) residence and convenience of the parties; (5) relative financial means and resources of the parties; (6) locus of the operative facts and events that gave rise to the dispute or lawsuit; (7) each judicial forum's familiarity with the governing law; (8) the deference and weight accorded to the plaintiff's choice of forum; and (9) trial efficiency, fairness, and the interests of justice based on the totality of the circumstances.

*Mullins v. ADB Logistics, Inc.*, No. 1:09-cv-160, 2009 WL 2406408, at *2-3 (E.D. Tenn. July 31, 2009) (citations omitted). The convenience of the witnesses is often considered to be the most important factor when determining which forum is the most convenient. *See Chad Youth Entertainment Center, Inc. v. Colony Nat. Ins. Co.*, No. 3:09-0545, 2010 WL 455252, at *3 (M.D. Tenn. Feb. 2, 2010) (citing cases)

Defendant asserts that transfer is appropriate because defendant is a Florida company, defendant is located in Florida, the issues involve Florida condominium law, and the condominium units are located in Florida. Defendant also asserts that the Court will need to interpret and apply Florida condominium law, all records, witnesses, plans, contracts, and certificates of occupancy concerning defendant's condominium development are in Florida, and potential witnesses such as the attorney for defendant's development and the professional consultants who dealt with the development are located in Florida. Defendant also asserts that the location or residence of Mr. Meriwether and Mr. McMichael should not control venue because plaintiffs have not brought any claims against these individuals. Finally, defendant asserts that essential issues, including whether required notices were timely given,

whether certificates of occupancy existed, and whether certain events relating to the contracts occurred in Florida, not Tennessee, and that Mr. McMichael did not relocate to Tennessee until after plaintiffs signed the documents for the purchase of Unit 1300.

Plaintiffs disagree, asserting that key real estate transactions took place in Tennessee, that this case involves Tennessee breach of contract law and violations of the TCPA, that defendant's alleged "deceptive acts" of convincing plaintiffs to enter into contracts related to the "sell back" agreement occurred in Tennessee, discovery and evidence regarding plaintiffs' claims are located in Tennessee, and that key witnesses for both plaintiffs and defendant are residents of and located in Tennessee. Plaintiffs also assert that this Court is capable of properly interpreting and applying Florida condominium law. Plaintiffs also point to the weight afforded a plaintiff's choice of forum and assert that the majority of documents relevant to this case are readily accessible by mail or otherwise. Finally, plaintiffs assert that other books, records, and documents concerning the development of the property and the knowledge or testimony of professionals used by defendant is irrelevant to the issues in this case.

The Court has previously determined that personal jurisdiction and venue are proper in the Eastern District of Tennessee.[3] Further, the parties do not seem to dispute that venue would be proper in the Northern District of Florida. Accordingly, the Court now turns to (2)

---

[3] A district court cannot consider a motion to transfer venue under 28 U.S.C. § 1404(a) unless the district court first has personal jurisdiction over the defendant. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325 (6th Cir. 1993).

13

whether a transfer would promote the interests of justice and (3) whether a transfer would serve the parties' and the witnesses' convenience. The issue is a close one and, when considering defendant's request to transfer, the Court notes that "[a] motion for change of venue is properly granted when the balance weighs 'strongly in favor or a transfer.'" *West Am. Co. v. Potts*, No. 89-6091, 1990 WL 104034, at *2 (6th Cir. July 25, 1990) (quoting *Nicol v. Koscinski*, 188 F.2d 537, 539 (6th Cir. 1951)).

Defendant's request for transfer of venue is grounded on assertions that the property is located in Florida, defendant is located in Florida, and witnesses and the location of books, documents, records, and other sources of proof and evidence are in Florida. Plaintiffs assert the opposite, that key witnesses and proof are located in Tennessee and that the gravamen of the claims occurred in Tennessee. Except for plaintiffs, Mr. Meriwether, and Mr. McMichael, neither party has specifically identified potential witnesses, the number of potential witnesses, or whether such witnesses reside in Tennessee or Florida. Both parties also reference records and documents, plaintiffs asserting that such are easily accessible and located in Tennessee, defendant asserting the location is in Florida. In addition, plaintiffs have asserted a breach of contract claim in regard to defendant's actions in constructing, equipping, and finishing the condominium development. These claims would likely require witnesses and proof in Florida. Plaintiffs have also asserted a claim for violations of the TCPA for deceptive acts in "convincing" plaintiffs to enter into the purchase and sale agreements. These claims would likely require witnesses and proof located in Tennessee, along with a review of the relevant documents and interpretation of the contracts at issue.

As to the factors regarding the locus of the operative facts and events giving rise to the dispute–there seem to be facts that occurred and events that relate to both Tennessee and Florida. As to each judicial forum's familiarity with the governing law–Florida courts are more familiar with Florida condominium law, but Tennessee courts are more familiar with Tennessee law regarding breach of contract and the TCPA. Finally, in regard to trial efficiency, fairness, and the interests of justice, this Court can discern no reason why this case cannot be fairly litigated in a district court in either Florida or Tennessee.

Given the foregoing, the Court notes that not only are the parties in dispute regarding the underlying merits, the parties are in dispute as to what witnesses are necessary or important and what documents and proof may be relevant. In light of their disputes, and while defendant has offered some evidence that venue in Florida may be more convenient for defendant and that some of the evidence and witnesses relative to this case are located in Florida, defendant has not presented enough evidence of why a transfer should be granted so that the balance would tip strongly in favor of a transfer. Accordingly, defendant's request to transfer venue to the District Court for the Northern District of Florida is denied. Defendant's request for oral argument is also denied.

## III. Conclusion

For the reasons set forth herein, defendant's Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue, and, in the Alternative, to Transfer the Civil Action to

the United States District Court for the Northern District of Florida [Doc. 5] is hereby **DENIED**.

IT IS SO ORDERED.

                                                  s/ Thomas A. Varlan
                                                  UNITED STATES DISTRICT JUDGE